IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH A. SHERMAN,

    Petitioner,                             No. 2:11-cv-1535 KJN P

    vs.

SOLANO COUNTY SHERIFF, et al.,        ORDER AND

    Respondents.                      FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

       Petitioner is proceeding without counsel. Pending before the court is respondents' motion to dismiss petitioner's application for writ of habeas corpus. Respondents contend that this court lacks jurisdiction because petitioner completed his sentence seven months prior to the filing of the instant action. As set forth more fully below, the court finds that the motion to dismiss should be granted.

II. Procedural Background

       Petitioner was convicted of misdemeanor criminal contempt on July 30, 2008. (Dkt. No. 12-1 at 3.) On August 8, 2008, the remaining 57 days of the 60 day jail sentence was stayed until December 9, 2008, to allow petitioner to complete 120 hours of community service. (Dkt. No. 12-1 at 5-7.) On November 12, 2010, petitioner demonstrated his completion of

1

1 community service hours, and the trial court "permanently stayed" petitioner's county jail
2 sentence. (Dkt. No. 12-1 at 16.) Petitioner's sentence expired on November 12, 2010. (Id.)
3       Petitioner appealed the misdemeanor conviction, and on November 10, 2009, the
4 Solano County Superior Court, Appellate Division, affirmed the conviction. (Dkt. No. 12-1 at 9-
5 11.) On February 24, 2010, petitioner filed a petition for writ of habeas corpus in the California
6 Supreme Court, and on April 14, 2010, the petition was denied without comment. (Dkt. No. 12-
7 1 at 14.) Petitioner filed the instant petition on June 7, 2011.

III. Legal Standards

      Under federal law, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3). A district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The statutory "in custody" requirement is jurisdictional. Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam); Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998). It is well established that, in order to satisfy the jurisdictional "in custody" requirement, a petitioner must not merely be in custody but must be in custody under the conviction or sentence under attack at the time he files his federal habeas petition. Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

      "Custody" is not limited to actual physical incarceration. Jones v. Cunningham, 371 U.S. 236, 243 (1963) (holding that a parolee was "in custody" within the meaning of the habeas corpus statute). Custody includes other forms of significant restraint, such as parole, probation, or release on bail or personal recognizance. Id., see also Hensley v. Municipal Ct., 411 U.S. 345, 348 (1973) (release on bail or on personal recognizance demonstrates "in custody" requirement); United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1470 (9th Cir. 1988) (serving probationary term at time of filing demonstrates "custody" for jurisdictional purposes).

However, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492.

IV.  Analysis

Here, petitioner's sentence expired on November 12, 2010, and petitioner was not placed on probation, parole, or supervised release. Because petitioner's sentence completely expired on November 12, 2010, petitioner was not "in custody" on June 7, 2011, the date the instant petition was filed. Thus, this court may not entertain the petition because it lacks jurisdiction. Maleng, 490 U.S. at 492.

Petitioner first argues that he was required to exhaust his state court remedies prior to filing in federal court, and that he has no control over the speed at which his petitions are heard by the state courts. However, petitioner exhausted his state court remedies on April 14, 2010, the date the California Supreme Court denied the petition for writ of habeas corpus, yet petitioner did not file his federal petition until June 7, 2011. Because petitioner did not present his proof of community service hours to the Solano County Superior Court until November 12, 2010, petitioner could have been deemed "in custody" had he filed his federal petition between April 15, 2010 and November 11, 2010. Or petitioner could have delayed the submission of his community service documentation to the Solano County Superior Court until after he filed his federal petition. However, petitioner filed his community service documentation on November 12, 2010, and then filed the instant petition almost seven months later.

Moreover, the filing of the instant petition within the statute of limitations period has no bearing on the question of whether petitioner was "in custody" for purposes of habeas jurisdiction. See Forde v. Clark, 97 Fed. Appx. 93, *1 (9th Cir. 2004) ("The petitioner in Carafas filed his federal habeas petition before his state conviction expired, whereas Forde did not file his petition until after his state conviction expired.")

////

1    Petitioner also argues that he is remains subject to collateral consequences,
2 stating:

3    [Petitioner] has been enslaved by the region-wide scandal, with a conspiracy to commit murder included in threats against him, & 2
4    ½ year captivity when he had gained international attention for being the victim of these crimes; see josephsherman.net/
5    pressreleaseV.html for AFFIDAVITS of proof, but the oppression of [petitioner] is common knowledge & cannot be denied. *Ship[p]*
6    *v. Todd (1978 CA 9 Mont) 568 F2d 133* . . . .

7 (Dkt. No. 14 at 2.)[1]

8    However, petitioner's argument is unavailing. As the Supreme Court has

9 explained, "[t]he custody requirement of the habeas corpus statute is designed to preserve the

10 writ of habeas corpus as a remedy for severe restraints on individual liberty." Hensley, 411 U.S.

11 at 351; Jones, 371 U.S. at 473. In Williamson, the Ninth Circuit stated that "the boundary that

12 limits the 'in custody' requirement is the line between a 'restraint on liberty' and a 'collateral

13 consequence of a conviction.'" Id., 151 F.3d at 1183. Thus, it is a petitioner's physical liberty –

14 the freedom of movement without restraint – that is pivotal for purposes of the "in custody"

15 requirement. Id. Community service requirements and mandatory meetings requiring physical

16 presence at a defined place and time satisfy the "in custody" requirement because the

17 requirements restrain freedom of movement. Id. By contrast, revocation of a driver's license or

18 professional license or mandatory sex offender registration, while limiting the ease with which a

19 person exercises physical liberty, do not restrain movements and, therefore, are purely collateral

20 consequences of a conviction. Id.; Reiner v. Remington, 217 Fed. Appx. 681, 682 (9th Cir.

21 2007) (disbarment and consequences thereof do not constitute constructive custody).

---

[1] Petitioner's reliance on Shipp is unavailing. Shipp, a former state prisoner, sought civil rights relief; petitioner seeks habeas relief. Shipp also sought expungement of the judgment of conviction and related criminal records; expungement is not at issue here. Finally, the Ninth Circuit remanded the Shipp case to the district court to determine the question of expungement and to reconsider its denial of Shipp's motion to amend the complaint. Shipp, 568 F.2d at 134. Thus, the court in Shipp did not address the issue of habeas relief, nor declare Shipp's conviction invalid, nor order Shipp's conviction or criminal records to be expunged. Id.

Here, petitioner has failed to identify collateral consequences demonstrating a restraint on his physical liberty sufficient to show he remains "in custody" for purposes of habeas jurisdiction. Accordingly, respondents' motion to dismiss should be granted.

V. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that:

1. Respondents' October 19, 2011 motion to dismiss (dkt. no. 12) be granted; and

2. This action be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 19, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sher1535.mtd